JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
--------------------------------------------------------X

JOHN GRENAWALT, CARLOS MIRANDA,
and JULIO ALISEA, on behalf of themselves
and all others similarly situated,

11 CIV 2664

Docket No.:

RECEIVED
APR 19 2011
U.S.D.C. S.D. N.Y.
CASHIERS

                    Plaintiffs,

- against -

COMPLAINT AND
DEMAND FOR JURY
TRIAL

ECF CASE

AT&T MOBILITY LLC; ALPHA-OMEGA
PROTECTION SERVICES CORP.;
GRACE M. DEPOMPO,
GLADIUS PROTECTION, INC.; and
CENTURIA, INC.,

                    Defendants.
--------------------------------------------------------X

Plaintiffs John Grenawalt, Carlos Miranda, and Julio Alisea, on behalf of themselves and

all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are current and former joint employees of Defendants AT&T Mobility

LLC ("AT&T") and Alpha-Omega Protection Services Corp.("Alpha-Omega) and are owed

unpaid regular and overtime wages.  Plaintiffs are also owed unpaid wages from Defendant

Gladius Protection Inc. ("Gladius") and Defendant Centuria Inc. ("Centuria") as third party

beneficiaries of a contract between Defendants Gladius and Alpha-Omega.  Centuria is liable as

Gladius' successor in interest.  Defendant Grace M. DePompo, owner of Alpha-Omega, is liable

as an "employer" under the Fair Labor Standards Act and the New York Labor Law.

2.      Plaintiffs worked as armed security guards at various retail stores owned by

AT&T throughout the New York City metropolitan area.  AT&T contracted for the Plaintiffs' work with Gladius, who in turn subcontracted with Alpha-Omega.

3.    This action is brought to recover unpaid regular and overtime wages owed to Plaintiffs and other similarly situated employees of Defendant AT&T and Alpha-Omega, as well as injunctive and declaratory relief against Defendants' unlawful actions, attorneys' fees, interest and costs.

4.    Plaintiffs bring this action on behalf of themselves and all similarly situated current and former joint employees of Defendants AT&T and Alpha-Omega who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by the aforesaid Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.

5.    Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former joint employees of Defendants AT&T and Alpha-Omega, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including but not limited to unpaid overtime wages for their hours in excess of forty per week, pursuant to the New York Labor Law Article 6 § 190 et seq., New York Labor Law Article 12 and its supporting regulations 12 N.Y.C.R.R. 142-2.2

6.    Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former joint employees of Defendant AT&T and Alpha-Omega, who are owed unpaid wages and were third-party beneficiaries of a contact between Defendant Gladius and Defendant Alpha-Omega, pursuant to Fed. R. Civ. P. 23, for Gladius' breach of said contract.

2

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as the Plaintiffs and class members performed work guarding various AT&T retail stores within this district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**CLASS ALLEGATIONS**

10.      Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked jointly for Defendants AT&T and Alpha-Omega performing security guard work at AT&T retail stores and who did not receive overtime pay for all hours worked in excess of forty in the work week. (The "FLSA Class").

11.      Defendants AT&T, Alpha-Omega and DePompo are liable under the FLSA for failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Class. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

12.      Plaintiffs bring New York Labor Law claims on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all joint

employees of Defendants AT&T and Alpha-Omega who performed security guard work at AT&T retail stores and who failed to receive statutorily-required compensation for all hours worked and/or all statutorily required overtime pay for hours worked in excess of 40 in the work week. ("Overtime Rule 23 Class").

13.     Plaintiffs bring claims for third party beneficiary breach of contract on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who were third party beneficiaries of a contract between Defendant Gladius and Defendant Alpha-Omega, and who are owed wages due to Gladius' breach of that contract. ("Third Party Beneficiary Rule 23 Class").

14.     The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendants, upon information and belief, there are more than 50 members of the class during the class period.

15.     The claims of the Plaintiffs are typical to the claims of the Rule 23 Classes.

16.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Classes.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. The members of the Rule 23 Classes have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not de minimus, such damages are small compared to the expense and burden of individual prosecution

4

of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

18.     Defendants have acted on grounds generally applicable to both Rule 23 Classes, thereby making declaratory relief appropriate for the class.

19.     There are questions of law and fact common to each class which predominate over any questions solely affecting individual members of the class, including:

a. whether Defendants AT&T, Alpha-Omega and DePompo failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

b. what proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records;

c. whether Defendants AT&T and Alpha-Omega have failed to compensate Plaintiffs and the Rule 23 Classes for all the work that it required and permitted them to perform;

d. whether Defendants AT&T and Alpha-Omega failed to pay Plaintiffs and the Rule 23 Classes overtime wages at a wage rate of one and one-half times their regular rate of pay within the meaning of the New York Labor Law Article 12 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.2;

e.  whether Plaintiffs were misclassified as exempt from receiving overtime wages;

f.  whether Plaintiffs were third party beneficiaries of a contract between Gladius

5

and Alpha-Omega;

g.  whether Plaintiffs are joint employees of AT&T and Alpha-Omega; and

f.  whether Plaintiffs are "employees" under the New York Labor Law.

## PARTIES

20.     Plaintiffs John Grenawalt, Carlos Miranda and Julio Alicea are adult individuals and are residents of the County of the Bronx in the City and State of New York.

21.     Plaintiff Grenewalt is a retired New York City police officer, Plaintiff Miranda is a former sergeant with the New York City Administration for Children's Services,  and Plaintiff Miranda is a retired officer from the Social Security Administration.

22.     At all times relevant to this complaint, Plaintiffs were employees of Defendants AT&T, Alpha-Omega and DePompo within the meaning of the FLSA, 29 USC § 203(e), New York Labor Law Article 6 § 190(2) and New York City Administrative Code § 6-109a (15).

23.     Defendant AT&T Mobility, LLC is a Delaware corporation with its headquarters in Lenox Park, Georgia.  It owns and operates AT&T retail stores selling cellular telephones and related items and services.

24.     Defendant Alpha-Omega Protection Services Corp. is a New York corporation with its offices located at 323 Bement Avenue, Staten Island, New York.  It hired Plaintiffs and the class members to provide security services to AT&T's retail stores pursuant to a subcontract with Defendant Gladius.

25.     Defendant Grace M. DePompo is the president and, upon information and belief, the sole shareholder of Alpha-Omega, and runs the business on a day to day basis.  She resides in Staten Island, New York.

6

26.     Defendant Gladius Protection, Inc. is a Texas corporation with its offices located at 3800 Paluxy Drive, Suite 590, Tyler, Texas.  It entered into a contract with AT&T to provide armed security in AT&T retail stores.

27.     Defendant Centuria, Inc. is a Texas corporation with its offices located at 3800 Paluxy Drive, Suite 590, Tyler, Texas.

28.     There is substantial continuity in business operations between Gladius and Centuria.  Centuria has the same office address as Gladius and was the successor or assignee of Gladius' contract to provide security services to AT&T.  Centuria is engaged in the same business as Gladius, and is owned by one of the former owners of Gladius, Herbert Isham.

29.     Accordingly, Centuria is the successor in interest to Gladius.

## FACTUAL ALLEGATIONS

30.     At all relevant times, Defendants AT&T, Alpha-Omega and DePompo jointly employed the Plaintiffs and the other members of the class.

31.     Plaintiff and class members reported to work each day at an AT&T retail store, and reported to the store manager therein who was an AT&T employee.  Throughout the working day, Plaintiffs and class members were under the direct supervision of the store manager, and would perform their duties and take their breaks at the manager's direction.

32.     Plaintiffs' and class members' job duties consisted of preventing shoplifting, and apprehending shoplifters when appropriate, preventing robberies, and safeguarding AT&T property and employees.  Occasionally they would answer questions from customers.

33.     Plaintiffs and class members wore plain clothes while working.

34.     The AT&T store manager had the authority to remove a class member from

7

working in the store, and several class members were so removed.

35.    Plaintiffs and class members worked forty hours per week, or more, at the AT&T stores.  They did no work for Alpha-Omega at any other location.  They did not report to Alpha-Omega's offices once they were hired.

36.    Upon information and belief, AT&T was Alpha-Omega's sole client.

37.    Plaintiffs and class members were often required to work at various AT&T stores, depending on the needs of AT&T.

38.    Defendant DePompo had the power to hire and fire Plaintiffs and class members; accordingly she is an "employer" within the meaning of the FLSA and the New York Labor Law.

39.    Upon information and belief, Defendants AT&T, Alpha-Omega and DePompo jointly manage the class members' employment records.

40.    Although Plaintiffs and class members were paid by Alpha-Omega as independent contractors, they were in reality "employees" within the meaning of the FLSA and the New York Labor Law.

41.    Plaintiffs' and class members' work schedule and the conditions of their employment were set by AT&T.

42.    AT&T and Alpha-Omega jointly determined the rate and manner of the Plaintiffs' and class members' payment.

43.    Plaintiffs and class members had no ownership interest in AT&T or Alpha-Omega's business, and had no opportunity for profit or loss.

44    Plaintiffs' and class members' work in providing security and preventing theft was an integral part of both AT&T's and Alpha-Omega's business; indeed, it was the only part of

Alpha-Omega's business.

45.    As part of their regular business practice, Defendants AT&T, Alpha-Omega and DePompo intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern of practice includes but is not limited to willfully failing to pay Plaintiffs and the Class Members one and one half times their regular rate of pay for hours worked in excess of forty per work week, and failing to pay Plaintiffs and class members anything at all for approximately the last month of their employment.

46.    Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and the New York Labor Law.

47.    Defendants' unlawful conduct has been widespread, repeated and consistent.

48.    Throughout the course of their employment with Defendants AT&T, Alpha-Omega and DePompo, each of the named Plaintiffs regularly worked over forty hours in a week. None ever received time and a half for the hours worked over forty in a week.

49.    Defendant Gladius subcontracted with Defendant Alpha-Omega to provide security to the AT&T stores in the New York metropolitan area.

50.    Defendants and class members were third party beneficiaries of the contract between Gladius and Alpha-Omega in that they were the intended beneficiaries of Gladius' payments to Alpha-Omega for their wages.

51.    Gladius breached its contract with Alpha-Omega by not tendering money due under the contract.

9

52.     As the result of Gladius' breach of said contract, Plaintiffs and class members were deprived of the benefit of said contract, in that they were unpaid for approximately four weeks of wages.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT
Brought on Behalf of Plaintiffs and the FLSA Class Members Against Defendants
AT&T, ALPHA-OMEGA and DEPOMPO

53.     Plaintiffs allege and incorporate by reference the allegations contained in each of the above paragraphs.

54.     Defendants AT&T, Alpha-Omega and DePompo have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

55.     At all times relevant to this action, Plaintiffs and Class Members were jointly employed by Defendants AT&T and Alpha-Omega within the meaning of the FLSA, 29 U.S.C. § 203(e).

56.     At all times relevant to this action, Plaintiffs and Class Members were engaged in commerce and Defendants were an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57.     Defendants willfully failed to pay Plaintiffs and Class Members overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C.A. § 207(a)(1).

58.     Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

10

59.   ·Due to Defendants' FLSA violations, Plaintiffs and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)**
**Brought on Behalf of Plaintiffs and all Class Members Against Defendants**
**AT&T, ALPHA-OMEGA and DEPOMPO**

60.   Plaintiffs allege and incorporate by reference the allegations contained in the above paragraphs.

61.   At all times relevant to this action, Plaintiffs and the putative class were employed by Defendants AT&T, Alpha-Omega and DePompo within the meaning of New York Labor Law Article 6 § 190(2).

62.   Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

63.   Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

64.   Due to Defendants' New York Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime premium wages,

11

reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest,

liquidated damages, and other compensatory and equitable relief pursuant to New York Labor

Law Article 6 § 190 et seq., and Article 19, § 650 et seq.

**THIRD CAUSE OF ACTION**
**(NEW YORK LABOR LAW: UNPAID WAGES)**
**Brought on Behalf of Plaintiffs and all Class Members Against Defendants**
**AT&T, ALPHA-OMEGA and DEPOMPO**

65.    Plaintiffs allege and incorporate by reference the allegations contained in the

above paragraphs.

66.    At all times relevant to this action, Plaintiffs and the putative class were employed

by Defendants AT&T, Alpha-Omega and DEPOMPO within the meaning of New York Labor

Law Article 6 § 190(2).

67.    Defendants willfully violated the rights of Plaintiffs and the Class Members by

failing to pay them their wages for approximately the last two months of their employment, in

violation of the New York Minimum Wage Act (New York Labor Law Article 12) and its

regulations, N.Y.C.R.R. Sec. 142-2.2, along with New York Labor Law § 193's prohibition on

deductions from wages.

68.    Defendants willfully violated the rights of Plaintiffs and the Class Members by

failing to pay them wages due and owing for work performed in violation of the New York State

Labor Law.

69.    Due to Defendants' New York Labor Law violations, Plaintiffs and the Class

Members are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees

and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other

compensatory and equitable relief pursuant to New York Labor Law Article 6 § 190 et seq., and Article 19 § 650 et seq.

### FOURTH CAUSE OF ACTION (Pled in the Alternative)
### BREACH OF CONTRACT
### Brought on Behalf of Plaintiffs and all Class Members Against Defendants
### ALPHA-OMEGA and DEPOMPO

70.     Plaintiffs allege and incorporate by reference the allegations contained in the above paragraphs.

71.     Defendants Alpha-Omega and DePompo agreed to pay the Plaintiffs and class members an hourly wage for performing work.

72.     Defendants Alpha-Omega and DePompo breached their oral contract with the Plaintiffs and class members by failing to pay them their wages for approximately the last four weeks of their work.

73.     Plaintiffs and class members fulfilled their obligations under the contract by performing security work as scheduled.

74.     By reason of the above breach, Plaintiffs are entitled to damages, interest, and costs.

### FIFTH CAUSE OF ACTION
### THIRD PARTY BENEFICIARY BREACH OF CONTRACT
### Brought on Behalf of Plaintiffs and all Class Members Against Defendants
### Gladius and Centuria

75.     Plaintiffs allege and incorporate by reference the allegations contained in the above paragraphs.

76.     Plaintiffs and class members were third party beneficiaries of the contract between

13

Gladius and Alpha Omega.

77.    Gladius breached its contract with Alpha Omega, thereby causing Alpha-Omega

to breach its contract to pay wages to the Plaintiffs and class members.

78.    By reason of Gladius' breach, Plaintiffs and class members are entitled to

damages, interest, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray

for the following relief:

a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective

action, or that the court issue such notice to all persons who are presently, or have at any time

during the six years immediately preceding the filing of this suit, up through and including the

date of this Court's issuance of court-supervised notice, been employed by Defendants. Such

notice shall inform them that this civil action has been filed, of the nature of the action, and of

their right to join this lawsuit if they believe they were denied proper hourly compensation and

premium overtime wages;

b. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 et seq., New

York Labor Law Article 6 § 198 1-a, and New York Administrative Code §6-109e (2).

c. An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C.

§ 201 et seq. for unpaid wages from three years prior to the filing of this complaint to the present;

d. One quarter of the amount of unpaid wages as liquidated damages pursuant to New York

Labor Law Article 6 § 198 1-a for unpaid wages;

e. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil

14

Procedure;

f. Designation of the individual Plaintiffs as representative of the Class, and counsel of record as

Class Counsel; and

g. Issuance of a declaratory judgment that the practices complained of herein are unlawful under

the FLSA and the New York State Labor Law.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact raised

by the Complaint.

Dated: New York, New York
       April 19, 2011

Respectfully submitted,

By: _____

Jason J. Rozger
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088

15