UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------X
JOHN GRENAWALT, CARLOS MIRANDA,
and JULIO ALISEA, on behalf of themselves
and all others similarly situated,                          Docket No.: 11CV2664(JPO)(AJP)

                      Plaintiffs,               PLAINTIFFS'
                                                     LOCAL RULE 56.1 STATEMENT

- against -

AT&T MOBILITY LLC; ALPHA-OMEGA
PROTECTION SERVICES CORP.;
GRACE M. DEPOMPO,
GLADIUS, INC.; and
CENTURIA, INC.,
                      Defendants.
-------------------------------------------------------------X

1.  The security guards employed by Alpha-Omega and assigned to the AT&T retail stores were directly supervised by the AT&T store managers, who had immediate authority over them, as well as higher ranking managers.  Exhibit 1, 20:15-21:3; 27:9-17, 30:22-31:21, 32:12-25; 33:2-11; 51:11-23, 52:13-19, 54:18-24, 187:5-14.  Exhibit 2, 42:8-17; 130:5-13, 144:6-25, 172:3-18.  Exhibit 7.  Exhibit 12.  Exhibit 15.  Exhibit 16.  Exhibit 18.     Exhibit 24.  Exhibit 25.

2.  Joseph Branch and Herbert Isham traveled to New York in 2006 to arrange security guards for the AT&T stores.  Exhibit 1, 8:3-23. Exhibit 2, 23:19-23:23.

3.  Alpha-Omega was incorporated in approximately April of 2007.  Exhibit 1, 22:10-15.

4.  The only contact Ms. DePompo had once the guard had reported to the AT&T store was to verify that the guard had arrived.  Exhibit 1, 28:5-8; 41:5-13.

5.  Examples of complaints Ms. Depompo would receive from the AT&T were sleeping, sitting down, eating on the sales floor, and not paying attention.  Exhibit 1, 30:22-31:21; 33:12-

24.

6.      Once Stone Security took over as subcontractor from Alpha-Omega, there was no change in service.  Exhibit 2, 74:15-24.

7.      A guard was fired by AT&T at the behest of the store manager for arriving to work late.  Exhibit 3. Exhibit 2, 43:19- 46:2; 48:5-11.

8.      A guard was fired by AT&T for viewing pornography on AT&T's computers.  Exhibit 2, 80:18-22.  Exhibit 16.

9.      A guard was replaced at the behest of AT&T's Area Retail Sales Manager for poor performance.  Exhibit 2, 114:4-20.  Exhibit 7.

10.      Another guard was removed for poor performance.  Exhibit 24. Exhibit 2, 171:18-172:23.

11.      No guard whom an AT&T store manager wanted to have removed was not removed.  Exhibit 2, 80:7-17.

12.      AT&T retail stores had a standard set of security equipment, including a phone alarm to which the security guards were expected to respond.  Exhibit 2, 58:3-61:8.

13.      AT&T managers would receive invoices showing the total guard hours worked in a week.  Exhibit 2, 65:18 - 66:3.

14.      Alpha Omega only did work for Gladius, except for one month of work for one other customer in 2007, and for one guard for two months at a pipeline.  Exhibit 1, 43:4-44:21.

15.      No officers were not paid at all for the security work they performed at AT&T stores from January 18, 2011 through February 25, 2011.  Exhibit 42.  Exhibit 1, 182: 14-25.  Those officers worked at 23 AT&T stores.  Exhibit 1, 49:23-50:2.  Those guards are owed a total of approximately $185,000.  Exhibit 1, 183:9-13.

17.      Alpha-Omega supplied some guards to AT&T stores in New Jersey, on behalf of

Gladius. Exhibit 1, 126:15-17.  Exhibit 7.

Dated: New York, New York
      September 29, 2011   Respectfully submitted,

            By: _____/s/_____

              Jason J. Rozger, Esq.
              Christine Clarke, Esq.
              BERANBAUM MENKEN LLP
              80 Pine Street, 33rd Floor
              New York, NY 10005
              Ph: (212) 509-1616
              Fax: (212) 509-8088
              Email: jrozger@nyemployeelaw.com

              ATTORNEYS FOR PLAINTIFFS AND
              PROPOSED CLASS