UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| JOHN GRENAWALT, CARLOS MIRANDA and JULIO ALISEA, on behalf of themselves and all others similarly situated, | 11 Civ. 2664 (ALC) |
| Plaintiffs, | **JOINT STIPULATION AND AGREEMENT REGARDING CLASS ACTION SETTLEMENT** |
| v. | |
| AT&T MOBILITY, LLC, ALPHA OMEGA PROTECTION SERVICES CORP., GRACE M. DEPOMPO, GLADIUS, INC. and CENTURIA, INC., | |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

This Joint Stipulation Regarding Class Action Settlement (hereinafter "Stipulation" or "Settlement" or "Agreement") is made and entered into by and between Plaintiffs John Grenawalt, Carlos Miranda, and Julio Alisea ("Plaintiffs" or "Class Representatives"), on behalf of themselves and on behalf of others similarly situated; and AT&T Mobility LLC ("AT&T" or "Defendant").  Subject to the approval of the Court, the Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Stipulation.  This Settlement shall be binding on Plaintiffs, the proposed class described herein and Defendant, subject to the terms and conditions hereof and the approval of the Court.

## RECITALS

WHEREAS, on April 19, 2011, Class Representatives filed a proposed Class Action Complaint against Defendant as well as Alpha-Omega Protection Services Corp. ("Alpha-Omega"); Grace M. DePompo ("DePompo"); Gladius Protection, Inc. ("Gladius"); and Centuria, Inc. ("Centuria") in the United States District Court for the Southern District of New York, No.

11-cv-02664, alleging causes of action against AT&T for failure to pay wages and/or overtime pay, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, in addition to claims asserted against the other defendants; and

WHEREAS, ten individuals subsequently consented to join this case pursuant to the FLSA; and

WHEREAS, the Parties have conducted significant discovery and investigation of the facts and law during the prosecution of the Action, including: the exchange of written discovery including Requests for Production of Documents and Interrogatories; the exchange of the relevant time and pay records of the putative class; analyses by both Parties of the exchanged time and pay records; discussions and meetings between representatives of the Parties; interviews and depositions of potential witnesses, opt-in plaintiffs, and employees of Defendant and third party witnesses; research and analysis of the applicable law regarding the claims and defenses to such claims, as well as the damages alleged by Plaintiffs; and

WHEREAS, Plaintiffs subsequently moved for summary judgment and also moved for class certification, and Defendant AT&T moved for summary judgment; and

WHEREAS, on April 2, 2013, the Court granted AT&T's motion for summary judgment; and

WHEREAS, on March 10, 2015, the Court entered partial final judgment regarding AT&T's dismissal from the case; and

WHEREAS, following entry of partial final judgment in favor of AT&T, Plaintiffs appealed the Court's grant of summary judgment to the Second Circuit Court of Appeals; and

WHEREAS, on March 14, 2016, the Second Circuit reversed the District Court's grant of summary judgment to AT&T, and remanded the case for trial; and

WHEREAS, after engaging in preliminary settlement discussions, the Parties engaged an experienced private mediator, Alfred G. Feliu, Esq., and engaged in an all-day mediation session on December 20, 2016, wherein preliminary agreement was reached on the Settlement Amount, and the parties continued to negotiate other material terms necessary to the Settlement

Agreement following the mediation session; and

WHEREAS, Class Representatives and Class Counsel recognize the uncertainty and risk of the outcome of further litigation, the difficulties and delays inherent in such litigation, the burdens of proof necessary to establish liability for the claims asserted in the Action, the defenses thereto, and the difficulties inherent in the Action, and therefore, have determined that the settlement set forth in this Stipulation is a fair, adequate and reasonable settlement, and is in the best interest of the Class Members; and

WHEREAS, Defendant has denied and continues to deny each of the claims and contentions alleged by the Class Representatives in the Action and has denied and continues to deny that it is liable or owes any damages to anyone with respect to the alleged facts or causes of action asserted in the Action; and

WHEREAS, without admitting or conceding any liability or damages whatsoever, and without admitting or conceding that a trial of the Action on a class or collective basis could be properly maintained, Defendant has agreed to settle the Action on the terms and conditions set forth in this Stipulation solely to avoid the burden, expense, and uncertainty of continuing to litigate the Action and to fully and finally resolve the claims asserted against it in the Action.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Action as against Defendant AT&T on the following terms and conditions:

<h2 style="text-align:center">I.      DEFINITION OF TERMS</h2>

The following terms, as used throughout this Stipulation, are defined as follows:

1.      <u>The Action</u>.  The term "the Action" shall refer to the legal action filed in the United States District Court, Southern District of New York, Case No. 11-cv-2664(ALC), entitled *John Grenawalt, Carlos Miranda and Julio Alisea, on behalf of themselves and all others similarly situated, v. AT&T Mobility LLC; Alpha-Omega Protection Services Corp., Grace M. DePompo, Gladius Protection, Inc. and Centuria, Inc.*

2.     <u>Class Counsel</u>.  The term "Class Counsel" shall refer to Beranbaum Menken LLP, 80 Pine Street, 33rd Floor, New York, New York 10005.

3.     <u>Class Representatives or Plaintiffs</u>.  The terms "Class Representatives" or "Plaintiffs" shall refer to putative class plaintiffs John Grenawalt, Carlos Miranda, and Julio Alisea.

4.     <u>Defendant or AT&T</u>.  The terms "Defendant" or "AT&T" shall refer solely to AT&T Mobility LLC, which is a named defendant in the Action, and not any of the defendants Alpha-Omega Protection Services Corp., Grace M. DePompo, Gladius Protection, Inc., or Centuria, Inc.

5.     <u>Defendant's Counsel</u>.  The term "Defendant's Counsel" shall refer to Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019.

6.     <u>The Class or the Settlement Class</u>.  The term "the Class" or "the Settlement Class" the means the proposed settlement class pursuant to this Stipulation, which shall be defined as all persons who, at any time from April 19, 2005 to the date of this Agreement, performed security services on behalf of Alpha-Omega, whether as an employee or independent contractor of Alpha-Omega, at any AT&T retail store located in the State of New York, who were either not paid overtime premium pay in connection with such services, not paid all of the wages due to them, or both, and who have been specifically identified in the Declaration of Christine Clarke, previously submitted to the Court in support of Plaintiffs' Motion for Class Certification and Summary Judgment (Docket # 202) (the "Clarke Declaration").  Exhibit A annexed hereto includes a list of class members.

7.     <u>Class Counsel Fees Payment</u>.  The term "Class Counsel Fees Payment" means the amount awarded to Class Counsel by the United States District Court for the Southern District of New York (the "Court"), to compensate them for their fees in connection with the Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

8.     <u>Class Counsel Litigation Expenses Payment</u>.  The term "Class Counsel Litigation

Expenses Payment" means the amount awarded to Class Counsel by the Court to compensate them for their expenses in connection with the Action, including their filing of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

9.      Class Members.  The term "Class Members" means all members of the proposed Class as defined in Paragraph 6, above.

10.      Class Notice.  The term "Class Notice" means the Notice of Proposed Class Action Settlement and Final Settlement Hearing, attached as Exhibit B to this Agreement and incorporated by reference into this Agreement.

11.      Class Notice Packet.  The term "Class Notice Packet" means the Class Notice, FLSA Claim Form and the Estimated Share Form (attached hereto as Exhibit C).

12.      Final Approval.  The term "Final Approval Hearing" means the hearing to be conducted by the Court following Class Notice and the expiration of all dates set forth therein to determine whether to approve finally and implement the terms of this Agreement.  "Final Approval" means the Court's approval of the Settlement following the Final Approval Hearing and the entry of a judgment reflecting the same.

13.      FLSA Claim Form.  The term "FLSA Claim Form" means the form and release, attached as Exhibit D, to be signed by Class Members with FLSA claims in order to receive a *pro rata* share of the FLSA Settlement Fund.

14.      FLSA Settlement Fund.  The term "FLSA Settlement Fund" means the $45,000 (Forty Five Thousand Dollars) reserved from the Settlement Amount for payment to Class Members with FLSA claims who sign the FLSA Claim Form, the unclaimed balance of which shall be paid to the Cy Pres Recipient as set forth in this Stipulation.

15.      Incentive Awards.  The term "Incentive Awards" means the amount of $5,000 (Five Thousand Dollars) paid to each of the Class Representatives in addition to any Settlement Share to which each may be entitled.

16.      Net Settlement Amount.  The term "Net Settlement Amount" means the Settlement Amount to be paid by AT&T pursuant to this Settlement, less (i) the Class Counsel

Fees Payment and the Class Counsel Litigation Expenses Payment approved by the Court; (ii) the Settlement Administrator's reasonable fees and expenses approved by the Court; (iii) the FLSA Settlement Fund; and (iv) the Incentive Awards.

17.     Non-Participating Class Member.  The term "Non-Participating Class Member" means a Class Member who submits a valid and timely Request To Be Excluded From Lawsuit (Opt-Out Form).

18.     Participating Class Member.  The term "Participating Class Member" means a Class Member who has not submitted a valid and timely Request To Be Excluded From Lawsuit (Opt-Out Form).

19.     Parties.  The term "the Parties" shall refer collectively to Plaintiffs and Defendant.

20.     Preliminary Approval of the Settlement.  The term "Preliminary Approval of the Settlement" means the Court's preliminary approval of the Settlement without material change.

21.     Settlement.  The term "Settlement" means the disposition of the Action and all remaining claims effectuated by this Agreement.

22.     Settlement Administrator.  The term "Settlement Administrator" shall refer to Settlement Services, Inc., located at PO Drawer 1657, Tallahassee, Florida 32302.

23.     Settlement Amount.  The term "Settlement Amount" means the amount of Three Hundred Eighty Five Thousand Dollars ($385,000) to be paid by AT&T as provided by this Agreement.  This sum shall include all payments made to the Settlement Class, all service payments, all settlement administration costs, any applicable taxes, including payroll taxes, if any, that may be assessed in respect of the payments at any time, and all Plaintiffs' attorneys' fees and costs.  In no event will Defendant be required to pay to the Class (or Class Counsel or the Settlement Administrator) more than the maximum total amount set forth in this paragraph as the Settlement Amount.

24.     Settlement Share.  The term "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II.    DATE OF SETTLEMENT

25.    Date Made.  This Stipulation is made as of the date set forth below by and between Plaintiffs on behalf of themselves and the Class, on the one hand, and Defendant on the other hand, subject to the approval of the Court.

26.    Effective Date.  As used in this Stipulation, "Effective Date" means the date on which this Agreement becomes effective, which shall be fourteen (14) days following the last date for an appeal of the Final Order and Judgment approving the Settlement Agreement, if no appeal is filed.  If an appeal is taken, then the Effective Date shall be fourteen (14) days after all possible appeals are resolved in favor of final approval.

## III.    PRELIMINARY APPROVAL

27.    Preliminary Approval Motion.  Plaintiffs shall promptly submit this Stipulation to the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Plaintiffs shall provide a draft of such motion to Defendant for review and approval at least fourteen (14) days prior to filing such motion with the Court and Defendant shall provide proposed changes, if any, within seven (7) days thereafter.  Plaintiffs shall review and may accept or reject Defendant's proposed changes to such motion in good faith, and Defendant shall not oppose the motion except to the extent that any proposed changes are not accepted by Plaintiffs.  Plaintiffs' motion shall apply to the Court for the entry of an order seeking substantially the following relief:

a.    Scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees, and the amount of Settlement Shares to be paid to Settlement Class Members, including the methodology used in calculating such amounts, should be finally approved as fair, reasonable and adequate as to the members of the Class;

b.    Approving as to form and content the attached proposed Class Notice Packet and all documents included therein;

c.    Directing the mailing of the Class Notice Packet, by first class U.S. mail to the Class Members, pursuant to the terms specified herein; and

      d.     Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court.

<strong>IV.    SETTLEMENT ADMINISTRATION</strong>

28.    <u>Settlement Administrator's Duties</u>.  The Settlement Administrator shall be responsible for (1) preparing, printing, and mailing to Class Members the Class Notice Packet; (2) setting up a toll-free telephone number to receive calls from Class Members; (3) receiving completed Opt-Out Forms; (4) providing the Parties with periodic status reports about the delivery of Class Notice Packets, receipt of completed Opt-Out Forms, and cashing of settlement checks; (5) calculating Settlement Shares; (6) mailing Settlement Shares to Settlement Class Members; (7) filing any required reports with the Court; (8) locating Class Members whose mailings are returned or undeliverable; and (9) such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  Specifically, the Settlement Administrator shall perform the following duties:

      a.     <u>Mailing of Class Notice Packet</u>.  Within ten (10) days of the Preliminary Approval of the Settlement by the Court, the Settlement Administrator shall mail a copy of the Class Notice Packet to all Class Members by first class regular U.S. mail, using the mailing address information contained in the ADP records produced in the course of discovery in this matter, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement (including a search of the National Change of Address Database).  The Settlement Administrator will engage in address searches consistent with the agreement of the Parties, including skip tracing.  Any returned envelopes from this mailing with forwarding addresses will be utilized by the Settlement Administrator to forward the Class Notice Packet to the Class Members.

      b.     <u>Re-Mailing of Returned Class Notice Packet</u>.  Class Notice Packets returned to the Settlement Administrator as non-delivered shall be resent to the forwarding address, if any, on the returned envelope.  If a Class Notice Packet is returned without a forwarding address, the Settlement Administrator will promptly search for a more current

8

address for the Class Member and re-mail the Class Notice Packet to the Class Member.  The

Settlement Administrator will be responsible for taking reasonable steps to trace the mailing

address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal

Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all

undelivered mail; performing address searches (or "skip traces") for all mail returned without a

forwarding address; and promptly re-mailing to Class Members for whom new addresses are

found.  If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own

records and notify Class Counsel and AT&T's Counsel of the date of each such re-mailing as

part of a weekly status report provided to the Parties.  Upon completion of these steps by the

Settlement Administrator, Class Counsel shall be deemed to have satisfied its obligation to

provide the Notice to the affected member of the Class.  The affected member of the Class shall

remain a member of the Class and shall be bound by all the terms of this Stipulation and the

Court's Order and Final Judgment.

        c.    <u>Estimated Share Form</u>. Each Estimated Share Form sent to each Class

Member shall state the following: the estimated amount of any Settlement Share and, if

applicable, the amount of any payment offered from the FLSA Settlement Fund, together with

the name, address, and last four digits of the Social Security Number of the Class Member.  A

Class Member may correct any errors in his/her name, address, or Social Security Number digits

by returning a corrected version of the Estimated Share Form to the Settlement Administrator.

        d.    <u>Payment of Settlement Shares</u>.  The Settlement Administrator shall be

solely responsible for the disbursement of the settlement payments.  Class Members who have

not submitted a timely and valid Opt-Out Form will receive a Settlement Share, subject to

Paragraph 38.

        e.    <u>Initial Determination of Settlement Shares</u>.  Each Class Member's

Settlement Share will be determined as set forth in Paragraph 37(g) below.

        f.    <u>Declaration of Due Diligence</u>.  No later than ten (10) days prior to the

Final Approval Hearing, the Settlement Administrator shall provide both Parties with a

declaration of due diligence to be filed with the Court.

        g.    <u>Taxation of Settlement Payments</u>.  The Settlement Administrator shall issue an IRS Form 1099 reflecting settlement payments made to the Plaintiffs and Class Members.  Plaintiffs and Class Counsel acknowledge that Defendant and Defendant's Counsel have not made any representations concerning the tax treatment of any settlement payments. Plaintiffs shall cooperate with the Settlement Administrator's reasonable requests in aid of providing any appropriate tax documentation in respect of any payments.  Defendant shall not have any obligation to Plaintiffs, Class Counsel, the Settlement Class, Class Members or the Settlement Administrator in respect of any amounts assessed by any taxing authority; for the avoidance of doubt, payment of the Settlement Amount pursuant to Paragraph 43 represents Defendant's only financial obligation to Plaintiffs, Class Counsel, the Settlement Class, Class Members and the Settlement Administrator.

        h.    <u>Mailing of Settlement Shares</u>.  Within thirty (30) days from the Effective Date, the Settlement Administrator shall mail all Settlement Class Members their Settlement Shares along with their *pro rata* share of the FLSA Settlement Fund, if any.  Each check issued to a Settlement Class Member shall remain valid and negotiable for ninety (90) days from the date of issuance ("Check Cashing Deadline").  Any Settlement Share not cashed by the Check Cashing Deadline shall be canceled automatically, in which event the Settlement Class Member's claim will be deemed void and the funds shall be subject to *cy pres* distribution as set forth in Paragraph 38 below.

        i.    <u>Certifying the Class Members Bound by the Settlement</u>.  Within sixty (60) days from the Effective Date, the Settlement Administrator shall file written certification with the Court with copies to counsel for all Parties that all Settlement Class Members have been mailed their Settlement Shares.

        j.    <u>Payment of Attorneys' Fees and Expenses</u>.  Within seven (7) days after the payment by Defendant of the Settlement Amount as provided by Paragraph 43, or at such other time as may be directed by the Court, the Settlement Administrator shall pay via wire

transfer the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment to Class Counsel.

           k.         **Disputes Regarding The Settlement Administrator's Performance of Duties**.  All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation until all payments and obligations contemplated by this Stipulation have been fully carried out.

## V.     CLASS MEMBERS INCLUDED IN SETTLEMENT

        29.     <u>Membership</u>.  Class membership, for purposes of this Settlement Agreement, is defined as above in Paragraph 6.  For purposes of this settlement only, the parties stipulate to the certification of the Settlement Class under Federal Rule of Civil Procedure 23(e).  If the Court does not grant preliminary or final approval of the settlement, or if Defendant nullifies this stipulation as provided for in this Settlement Agreement, this stipulation will have no effect and class certification will automatically be deemed not to have been granted.  The parties agree that this settlement stipulation is in no way an admission that class certification is proper under the more stringent standard applied for litigation purposes and that this stipulation will not be admissible in this or any other proceeding as evidence that a class should be certified as Plaintiffs propose or that Defendant is liable in any way to Plaintiffs or the class that Plaintiffs allege. Defendant expressly reserves its rights to oppose class certification of any purported class should this settlement fail to become final and effective for any reason.

        30.     <u>Class Members' Objections to This Settlement</u>.  Any Class Member may comment on or object to the Settlement provided herein by filing a written comment on or objection to the Settlement with the Court and serving the written comment or objection to the Settlement on counsel for the Parties no more than 60 days after the Settlement Administrator mails the initial Class Notice.  The written comment on or objection to the Settlement must set forth the grounds for the comment or objection and indicate whether the Class Member intends to appear and comment or object at the Final Approval Hearing.  The failure to so indicate will

constitute a waiver of the right to appear at the hearing.  A Class Member who does not file and serve a written comment or objection in the manner and by the deadline specified above will be deemed to have waived any comments or objections and will be foreclosed from making any comments or objections (whether by appeal or otherwise) to the Settlement.  In the event that the Court approves this Settlement notwithstanding the objections of Class Members, Class Members who object to the Settlement will nonetheless be bound by the Settlement unless such Class Members have opted out of the Settlement, as detailed in Paragraph 31.

31.     <u>Non-Participating Class Members</u>.  The Class Notice will advise prospective Class Members of their opportunity to opt out of the case.  As set forth in more detail in the Class Notice, a Class Member who wishes to exclude himself or herself from this Settlement, and from the release of claims pursuant to this Settlement, shall submit an "Opt-Out Letter" directly to the Settlement Administrator.  The Settlement Administrator shall promptly send a copy of any Opt-Out Letter to both Class Counsel and Defense Counsel.  For an Opt-Out Letter to be accepted it must be timely and valid.  To be timely, it must be postmarked within sixty (60) days of the initial mailing date of the Class Notice to Settlement Class Members.  To be valid, the Opt-Out Letter shall contain a statement that clearly conveys the Settlement Class Member's request to be excluded from the Settlement Class, their full name, mailing address, telephone number, last four digits of their Social Security number, and must be signed and dated.  Any person who files a complete, valid and timely request for exclusion shall, upon receipt, no longer be eligible to be a member of the class, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement.  Any such person, at his/her own expense, may pursue any claims he/she may have against Defendant; <u>provided, however</u>, that nothing in this Settlement Agreement shall be construed to provide any tolling of the FLSA statute of limitations for the benefit of any such person.

32.     <u>Maximum Level of Non-Participation</u>.  If 50% or more of the members of the Class elect to become non-participating class members as set forth in Paragraph 31, or if 50% or more of the Class Members who are subject to the offer of a share of the FLSA Settlement Fund

fail to execute the waiver and release for the FLSA Settlement Fund, then Defendant shall have

the unilateral right in its sole and absolute discretion to revoke this Settlement Agreement and

void the settlement in its entirety, provided that such right of revocation is exercised with thirty

(30) days of the last day for the return of FLSA Settlement Fund releases.  Defendant shall effect

such revocation, if at all, by written correspondence to Plaintiffs' Counsel, which shall promptly

be provided to the Court.  The parties agree they will not encourage any class member to opt-out

of the class or to forego executing the required release for the FLSA Settlement Fund.

33.     <u>Finality of Settlement</u>.  The Settlement contained herein, including the Release

outlined below, shall be final and binding upon all Class Members who do not exclude

themselves from the Settlement, as of the Effective Date.

## VI.     RELEASES

34.     <u>State Law Claims Release By Participating Class Members</u>.  As of the Date of

Final Approval, and by operation of the entry of Judgment effecting such Final Approval,

Participating Class Members (including Class Representatives) release AT&T and all of its

former, present or future parents, subsidiaries, affiliates, partners, officers, directors, employees,

agents, fiduciaries, owners, shareholders, insurers, assigns, administrators, subrogees, privies,

attorneys and the predecessors and successors, assigns, and legal representatives of all such

entities and individuals ("Released Parties") from any and all claims, rights, demands, liabilities

and causes of action of every nature and description, whether known or unknown, related in any

way to unpaid wages or overtime premium pay, and, arising during the period from the

beginning of time to the date on which the Court grants Final Approval of the settlement.  The

claims released by the members of the Settlement Class include, but are not limited to, statutory,

constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses,

penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs,

restitution, or equitable relief, arising out of or based upon an alleged failure to pay wages,

including overtime premium pay and the minimum wage, to fullest extent permitted by law.  The

released claims include without limitation claims meeting the above definition(s) under any and

all applicable statutes, including without limitation any provision of the New York Labor Law or the regulations promulgated by the New York Department of Labor, from the beginning of time up to and including the date of Final Approval of the Settlement (collectively referred to as "Released Class Claims").

35.    <u>Release by FLSA Claim Form Signers</u>.  As of the Date of Final Approval, and by operation of the entry of Judgment effecting such Final Approval, Participating Class Members who sign a FLSA Claim Form (attached hereto as Exhibit D) in order to receive a payment from the FLSA Settlement Fund release the Released Parties from (1) any and all claims under the FLSA that were alleged in the Action or (2) any and all claims, rights, demands, liabilities, and causes of action of any kind that could have been alleged under the FLSA in the Action based on the facts alleged in the complaints filed in the Action.

36.    <u>General Releases By Class Representatives</u>.  In addition to the releases set forth in the above paragraphs, and in consideration of the Incentive Awards, Class Representatives make the additional general release of all claims as follows:  Class Representatives release the Released Parties from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities of any nature and description whatsoever, known or unknown, that Class Representatives may possess against the Released Parties arising during the period from the beginning of time to the date on which the Court grants Final Approval of the settlement, including but not limited to claims relating to Class Representatives' putative employment with Defendant, including but not limited to claims under the FLSA, the Age Discrimination in Employment Act (42 U.S.C. § 621), Title VII of the Civil Rights act of 1964 as amended (42 U.S.C. § 2000e), the Equal Pay Act of 1963 (29 U.S.C. § 206(d)), the Civil Rights Acts of 1866 and 1871 (42 U.S.C. § 1981), the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 1651), the Employee Retirement Income Security Act (29 U.S.C. § 1001), the Family and Medical Leave Act (29 U.S.C. §2601), the Americans with Disabilities Act (42 U.S.C. § 12,101), the Occupational Safety and Health Act (29 U.S.C. § 651), the New York State Human Rights Law, as amended; the general regulations of the New York State

Division of Human Rights, New York Executive Law Section 290 et seq., New York Rights of

Persons With Disabilities, New York Whistleblower Law, New York State Labor Relations Act,

New York Labor Law, New York Equal Rights Law, New York Wage Hour and Wage Payment

Laws, New York Minimum Wage Law, Equal Pay Law for New York, as amended, New York

Adoptive Parents' Child Care Leave Law, New York Smokers' Right Law, New York Bone

Marrow Leave Law, New York State Workers Adjustment and Retraining Notification (WARN)

Act, New York City Administrative Code, as amended, New York City Human Rights Law, as

amended; or any other federal, state or local statute concerning employment or prohibiting

retaliation or discrimination on the basis of age, race, creed, color, religion, national origin, sex,

disability, marital status or any other protected classification which he or she has, or at any time

has had, including but not limited to all claims for compensatory damages, punitive damages,

attorney's fees, salary, commissions, bonuses, expense reimbursements, severance payments,

deferred compensation payments, claims for AT&T employee benefits, or other monies due.

Class Representatives signers hereby acknowledge that upon receiving the sums provided to

them pursuant to this Agreement that they will have received all wages, damages and penalties

that may be owing to them by Defendant, and further, that they are not owed any additional

wages, penalties, or damages from Defendant.

### VII.    AMOUNT AND DISTRIBUTION OF SETTLEMENT

37.    <u>Deductions From Settlement Amount</u>.  Deductions from the Settlement Amount,

all subject to Court approval, shall be made for:

a.    <u>Class Counsel Fees Payment</u>.  Class Counsel will apply to the Court for an

award of not more than One Hundred Sixty Thousand Dollars ($160,000) as their Class Counsel

Fees Payment.  The attorneys' fees award shall be paid from the Settlement Amount.  Defendant

agrees not to oppose any such application that is consistent with this Settlement Agreement.  The

amount of attorneys' fees shall include payment for all time expended by class counsel up to and

including the Final Approval of the Settlement.  Defendant shall not have any liability for

attorneys fees of any Plaintiff or Class Member except as may be approved by the Court pursuant

to this Settlement Agreement.  The Settlement Administrator will pay the amount approved by the Court, but not more than One Hundred Sixty Thousand Dollars ($160,000) out of the Settlement Amount.

        b.      <u>Class Counsel Litigation Expenses Payment</u>.  Class Counsel will apply to the Court for an award of not more than Ten Thousand Dollars ($10,000) as their Class Counsel Litigation Expenses Payment.  Defendant agrees not to oppose any such application that is consistent with this Settlement Agreement.  The Settlement Administrator will pay the amount approved by the Court, but not more than Ten Thousand Dollars ($10,000) out of the Settlement Amount.

        c.      <u>Approval by Court of Lesser Amounts</u>.  If the Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment of less than the amounts set forth in this paragraph, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

        d.      <u>Settlement Administration Costs and Fees</u>.  All actual costs for settlement administration, including related accounting costs, up to a maximum of Fifteen Thousand Dollars ($15,000), shall be paid from the Settlement Amount.

        e.      <u>Incentive Awards to Class Representatives.</u>  A total of Fifteen Thousand Dollars ($15,000) for equal Incentive Awards in the amount of Five Thousand Dollars ($5,000) to each the three Class Representatives, subject to court approval, shall be paid from the Settlement Amount.

        f.      <u>FLSA Fund</u>.  The FLSA Fund will be distributed to the Settlement Class according to the following procedures:  (a) an individualized amount will be offered from the FLSA Fund to each Class Member according to a *pro rata* allocation based on the value of their claims for overtime under the FLSA, as set forth in (or otherwise determinable from) the Clarke Declaration, but without taking into account any liquidated damages, in exchange for such Class Member's execution of a waiver and release of claims in favor of Defendant consistent with the release in Paragraph 35; except that no offer from the FLSA Fund shall be made to those Class

16

Members who did not provide any security services in any of the Defendant's stores during the three years prior to the filing of the complaint; (b) those members of the Settlement Class who execute and return a written waiver and release in favor of Defendant postmarked within sixty (60) days of the initial mailing date of the Class Notice to Settlement Class Members shall receive the amount offered; and (c) to the extent that any member of the Settlement Class fails to execute and return a written waiver and release in favor of Defendant before such deadline, the amount of the FLSA Fund offered to such member shall instead be distributed *cy pres* by the Settlement Administrator as a charitable donation to the United Way of New York City (the "Cy Pres Recipient") made within 180 days of the Effective Date.  Included within the annexed Exhibit A is a list of the estimated FLSA Settlement Fund Shares consistent with the methodology set forth herein.

    g. <u>Payment of Individual Settlement Shares to Settlement Class Members</u>. Subject to the terms and conditions of this Stipulation, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member, inclusive of claimed interest but excluding from such calculation any claimed liquidated damages.  The pro rata Settlement Share for each Participating Class Member will be based on the calculations identified in the Clarke Declaration.  Included within the annexed Exhibit A is a list of the estimated Settlement Shares consistent with the methodology set forth herein.

    h. <u>Effect of Non-Participating Class Members</u>.  Non-Participating Class Members will receive no Settlement Share, and their election not to participate will reduce neither the Maximum Settlement Amount nor the Net Settlement Amount.

   38. <u>Uncashed Checks</u>.  Class members shall have 90 calendar days after mailing of their settlement checks to cash them.  If any class member does not cash his or her settlement check within this 90 day period, the check will be void and a stop payment will be issued.  In such event, the affected class members will be deemed to have irrevocably waived any right in or claim to a settlement payment, but the settlement and their release of claims will remain binding upon them.  The value of any and all uncashed checks shall be paid in one payment to the Cy

Pres Recipient within 180 days of the last such stop payment date.

## VIII.   DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

39.     <u>CAFA Notice</u>.  Defendant shall provide timely notice as required by the Class Action Fairness Act ("CAFA"), within five (5) business days of the Preliminary Approval of the Settlement. The Parties will seek approval of the CAFA Notice in the motion for Preliminary Approval of the Settlement; and will request the Court to adjudicate the validity of the CAFA Notice in the Motion for Final Approval of the Settlement and bar any Settlement Class Member's claim to void or avoid the Settlement under CAFA.

40.     <u>Motion for Final Approval of the Settlement</u>.  Class Counsel shall timely prepare, subject to Defendant's review and comment, a Motion for Final Approval of the Settlement. Class Counsel will timely file, within five (5) days of the Fairness Hearing, the Motion for Final Approval of the Settlement and for Approval of the Motion for Attorneys' Fees and Expenses, which will include a proposed Final Order and Judgment ordering:

i.      Approval of the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

ii.     Approval of Class Counsel's application for an award of attorneys' fees, costs and expenses as provided herein;

iii.    Permanently barring and enjoining all members of the Class from prosecuting against the Released Parties any individual or class or collective claims released herein pursuant to Paragraphs 34-35 above, upon satisfaction of all payments and obligations hereunder; and,

iv.     Reserving jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' settlement and over the administration and distribution of settlement benefits.

41.     <u>Fairness Hearing</u>.  Sixty (60) days after the mailing of the Class Notice Packet, or as soon thereafter as may be determined by the Court, the Parties shall attend a Final Settlement Approval Hearing with the Court to finally approve the Settlement as fair, reasonable, and

adequate as to Class Members, attorney's fees to Class Counsel, the Settlement Administration fees and costs, the Settlement Shares to be paid to the Settlement Class Members, including the methodology used to calculate such awards, and the disposition of unclaimed funds (if any).

## IX.      DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

42.     <u>Final Settlement and Approval and Entry of Judgment</u>.  With the motion for final approval of the Settlement by the Court, the Parties shall submit a Final Judgment ("Final Judgment") for the Court's approval and entry.  After entry of the Final Judgment, the Court shall have continuing jurisdiction over the administration of the Settlement.

43.     <u>Payment of Settlement Amount</u>.  Defendant shall deposit, not later than fourteen (14) days following the Effective Date, the Settlement Amount.  The Settlement Administrator (or a financial institution designated by the Settlement Administrator) will retain exclusive custody over the deposited funds.  The Settlement Administrator shall make all payments and other disbursements from the Settlement Amount required by this Stipulation and the Final Judgment.  Defendant shall have no further obligations over the distribution of the Settlement Amount.

44.     <u>Provision of Final Order and Judgment to Settlement Administrator</u>.  Following final approval by the Court of the Settlement provided for in the Stipulation, Class Counsel shall provide the Settlement Administrator with a copy of the Final Order and Judgment.

## X.      ADDITIONAL TERMS

45.     <u>Nullification of Settlement</u>.  This Stipulation shall be null and void and any order of judgment entered by the Court in furtherance of the Settlement shall be vitiated *nunc pro tunc* if any of the following occurs:

     a.      the Court does not preliminarily approve the settlement;

     b.      the Court does not finally approve the settlement;

     c.      the Court does not enter a Final Judgment which becomes final as a result of the occurrence of the Effective Date;

     d.      Defendant elects to revoke the Settlement pursuant to Paragraph 32; or

e.      The Settlement does not become final for any other reason.

In such a case, the Parties and any funds awarded under this Stipulation shall be returned to their respective status as of the date and time immediately prior to the execution of this Stipulation, and the Parties shall proceed in all respects as if this Stipulation had not been executed, and the parties reserve their rights with respect to the prosecution and defense of this action as if this Stipulation never existed.

46.     No Admissions.  Nothing contained herein is to be construed or deemed an admission of liability or wrongdoing by Defendant.  This Stipulation and attached exhibits are settlement documents and shall be inadmissible in any proceeding, except an action or proceeding to approve, interpret, or enforce this Stipulation.  This settlement may not be used for any purposes in any other litigation.

47.     Not Entitled to Benefits.  Plaintiffs and all Participating Class Members, by virtue of this Settlement Agreement, shall be deemed to acknowledge and agree that they have no entitlement to any employee benefits from AT&T.

48.     No FLSA Tolling.  Plaintiffs acknowledge that they do not seek tolling for the FLSA statute of limitations on behalf of any person.  The fact that individuals are being permitted to compromise FLSA claims as part of the settlement does not amount to an admission that the statute of limitations should be tolled, and no person is entitled to tolling as a consequence of any events in the litigation or its settlement.  Moreover, Class Counsel's representations that the statute of limitations under the FLSA had expired for those Class Members who have not previously opted-in to this Action and Defendant's belief of the same, were a material inducement to Defendant entering this settlement under the terms set forth herein.

49.     Waiver, Amendment or Modification.  This Stipulation may not be waived, amended or modified except by a written instrument signed by counsel for all Parties.

50.     Entire Agreement.  This Stipulation and accompanying exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties or

inducements have been made to any Party concerning this Stipulation other than the representations, warranties and covenants contained and memorialized herein.

51.     <u>Construction</u>.  The Parties agree that the terms of this Stipulation and the accompanying exhibits are the result of lengthy, arms-length negotiations and that this Stipulation shall not be construed in favor of or against any Party.

52.     <u>Cooperation in Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

53.     <u>Parties' Authority</u>.  The signatories to this Stipulation represent that they are fully authorized to enter into this Stipulation and bind the Parties hereto to the terms and conditions hereof.

54.     <u>Attorney Authorization; Disputes</u>.  Class Counsel and AT&T's Counsel warrant and represent that they are authorized by Plaintiffs and AT&T, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the Court, and in all cases all such documents, supplemental provisions and assistance of the Court will be consistent with this Agreement.

55.     <u>Successors and Assigns</u>.  This Stipulation is binding upon, and inures to the benefit of the Parties' successors or assigns.  The Parties represent and warrant that they have not directly or indirectly, assigned, transferred, or encumbered to any person or entity any portion of any claim, demand, action, or cause of action or rights herein released and discharged except as set forth herein.

56.     <u>Enforcement of Actions</u>.  In the event a Party to this Stipulation institutes any legal action, arbitration, or other proceeding against any other Party to enforce the provisions of this Stipulation or to declare rights or obligations under this Stipulation, the successful Party shall be entitled to recover from the unsuccessful Party or Parties, reasonable attorney's fees and costs, including expert witness fees incurred in connection with any enforcement proceedings.

57.     <u>Governing Law</u>.  All terms of this Stipulation shall be governed by and interpreted according to the laws of the State of New York, without regard to choice of law principles, except to the extent that federal law of the United States governs any matter set forth herein, in which case such federal law shall control.

58.     <u>Headings</u>.  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

59.     <u>Jurisdiction of the Court</u>.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith.

60.     <u>Counterparts; Facsimile and Electronic Signatures</u>.  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Any signature made or transmitted by facsimile, email or other electronic means shall be deemed an original signature for purposes of this Agreement and shall be binding on the Party whose counsel transmits such signature.

61.     <u>Permissible Disclosures</u>.  Except as set forth herein, neither Plaintiffs nor Class Counsel shall, directly or indirectly, issue or cause to be issued any statements to the media or engage in any other publicity regarding this Settlement Agreement or the Action.  If counsel for either party receives an inquiry about the settlement from the media, counsel may respond only after the Motion for Preliminary Approval has been filed and only by referring such inquiring person to the terms of the settlement.  Plaintiffs further agree not to, directly or indirectly, make any disparaging comments or remarks concerning the Defendant; <u>provided</u>, <u>however</u>, that this prohibition on disparaging statements shall not prohibit Plaintiffs from making truthful

statements describing their experiences litigating their claims in the Action.  Notwithstanding the foregoing, from and after the date that Preliminary Approval is granted until one (1) year after such time as the Settlement Administrator has distributed the entire Settlement Amount, Class Counsel shall be permitted to post a blog entry on the website http://blog.nyemployeelaw.com, which entry shall not be more prominent than other blog entries on such website.  The blog entry will be entitled "Class Action Settlement Reached" and will state only "The lawsuit titled Grenawalt v. AT&T, filed on behalf of security guards seeking unpaid wages and overtime wages from Alpha-Omega Protection and AT&T Mobility, among others, is the subject of a class action settlement.  The Class Notice can be found by clicking here, and the settlement agreement with exhibits can be found here.  You may also call Jason Rozger at 212 509-1616 if you think you are a class member in this case." with hyperlinks to such referenced documents.

62.     <u>Future Rights</u>.  Nothing in this Stipulation shall serve as a waiver of future rights.

63.     <u>Notices</u>. Unless otherwise specifically provided in this Stipulation, all notices, demands or other communications given will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed as follows:

To the Class:

Jason J. Rozger
Beranbaum Menken LLP
80 Pine Street, 33rd Floor
New York, New York 10005

To Defendant:

Eric Hoffman
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

64.     <u>Enforceability</u>.  The Parties intend for this Agreement to be enforceable in the United States District Court for the Southern District of New York, by and subject to the Court's pending and/or ancillary jurisdiction.

**BY THEIR SIGNATURES BELOW, THE UNDERSIGNED PLAINTIFFS, DEFENDANT AND THEIR RESPECTIVE COUNSEL STIPULATE AND AGREE TO THE FOREGOING TERMS:**

DATED: _____, 2017          JOHN GRENAWALT

 

 

DATED: _____, 2017          CARLOS MIRANDA

 

 

DATED: _____, 2017          JULIO ALISEA

 

 

DATED: July 24, 2017          AT&T MOBILITY LLC

By: _____

Name: Bryan Gonterman

Title: VP GM NYNJ

24

DATED: _July 14_____, 2017                  BERANBAUM, MENKEN LLP

                                            By: _____
                                               Jason Rozger
                                               BERANBAUM MENKEN LLP
                                               80 Pine Street, 33rd Floor
                                               New York, New York 10005

                                               *Attorneys for Plaintiffs and the Settlement
                                               Class*


DATED: _July 24_____, 2017                  SIDLEY AUSTIN LLP

                                            By: _____
                                               Eric G. Hoffman
                                               SIDLEY AUSTIN LLP
                                               787 Seventh Avenue
                                               New York, New York 10019

                                               *Attorneys for Defendant AT&T Mobility LLC*

EXHIBIT A

| NAME | NON-FLSA SETTLEMENT ESTIMATED SHARE[1] | FLSA FUND SHARE[2] | TOTAL PAYOUT AFTER SIGNING FLSA RELEASE[3] |
|---|---|---|---|
| Abdenour, Robert | $2,520.47 | $585.30 | $3,105.77 |
| Alicea, Julio | $9,139.82 | $3,392.02 | $12,531.84 |
| Arnold, Gene | $356.97 | $151.36 | $508.33 |
| Aruty, Michael | $107.12 | $45.42 | $152.54 |
| Ayala, Francisco | $244.76 | $103.78 | $348.54 |
| Basseth, Reynold | $162.86 | $69.06 | $231.92 |
| Beard, B.M. | $339.39 | $143.91 | $483.30 |
| Benavidas, Jesus | $54.32 | $23.03 | $77.35 |
| Bentley, Okelie | $12.05 | $0.00 | $12.05 |
| Boehm, Scott | $1,218.08 | $516.49 | $1,734.57 |
| Blackmon, David | $1,271.18 | $55.58 | $1,326.76 |
| Blanch, Marston | $17.89 | $7.58 | $25.47 |
| Bowser, Stanley | $117.06 | $49.63 | $166.69 |
| Boyce, Jeffrey | $897.20 | $380.43 | $1,277.63 |
| Brown, Alfred | $20.36 | $8.63 | $28.99 |
| Brown, Terence | $9.44 | $4.00 | $13.44 |
| Cairone, Anthony | $900.61 | $381.88 | $1,282.49 |
| Charlton, Keith | $931.04 | $394.78 | $1,325.82 |
| Chin, Harvey | $8,756.26 | $2,745.96 | $11,502.22 |
| Corapi, Donna | $244.68 | $103.75 | $348.43 |
| Crawford, Gregory | $409.18 | $0.00 | $409.18 |
| Cruz, Angel | $15,099.35 | $5,435.55 | $20,534.90 |
| David, Terence | $4,529.96 | $953.93 | $5,483.89 |
| DeAngelis, Sal | $1,509.37 | $35.72 | $1,545.09 |
| Engelhardt, Kenneth | $97.85 | $41.49 | $139.34 |
| Epstein, Jay | $57.71 | $24.47 | $82.18 |
| Evans, Troy | $451.39 | $191.47 | $642.86 |
| Fabre, Vladymir | $35.87 | $15.21 | $51.08 |
| Felder, Alfred | $264.64 | $112.21 | $376.85 |
| Figue, Felipe | $1,216.54 | $32.41 | $1,248.95 |
| Garcia, Anthony | $8,983.71 | $2,842.40 | $11,826.11 |
| Gilgeous, Malcolm | $341.95 | $144.99 | $486.94 |
| Gong, Raymond | $629.66 | $266.99 | $896.65 |

[1] This column represents the class member's estimated Settlement Share, as described in Paragraph 37(g) of the Joint Stipulation Regarding Class Action Settlement.

[2] This column represents the amount being offered to the class member from the FLSA Settlement Fund, as described in Paragraph 37(f) of the Joint Stipulation Regarding Class Action Settlement.

[3] This column represents the total estimated amount the class member would receive both from the class settlement and by executing and returning the FLSA Claim Form and Release.

| NAME | NON-FLSA SETTLEMENT ESTIMATED SHARE[1] | FLSA FUND SHARE[2] | TOTAL PAYOUT AFTER SIGNING FLSA RELEASE[3] |
|---|---|---|---|
| Grenawalt, John | $6,572.19 | $1,723.18 | $8,295.37 |
| Hare, Maurice | $383.83 | $162.75 | $546.58 |
| Hart, William | $114.45 | $0.00 | $114.45 |
| Howard, Leonard | $12,066.62 | $4,052.93 | $16,119.55 |
| Jackson, Winford | $3,971.32 | $958.77 | $4,930.09 |
| Johnson, Ronald | $1,395.66 | $591.79 | $1,987.45 |
| Kavanaugh, Josue | $121.59 | $51.56 | $173.15 |
| Liell, Stephen | $423.52 | $179.58 | $603.10 |
| Llanes, Porfirio | $1,941.46 | $339.78 | $2,281.24 |
| Lombardi, Carmine | $230.22 | $97.62 | $327.84 |
| McConnell, Andrew | $430.97 | $182.74 | $613.71 |
| Melendez, Harry | $11,490.70 | $4,872.28 | $16,362.98 |
| Meyer, Daniel | $249.24 | $105.68 | $354.92 |
| Miller, Kevin | $2,086.89 | $884.88 | $2,971.77 |
| Miranda, Carlos | $3,547.95 | $537.54 | $4,085.49 |
| Mitchell, Dane | $79.23 | $0.00 | $79.23 |
| Mulings, J.A. | $8,349.81 | $3,057.04 | $11,406.85 |
| Perkins, Terence | $1,182.86 | $18.12 | $1,200.98 |
| Piciullo, Frank | $242.42 | $102.79 | $345.21 |
| Ramos, Erick | $390.80 | $165.71 | $556.51 |
| Reid, Rodney | $585.67 | $238.36 | $824.03 |
| Richards, Robert | $118.35 | $50.18 | $168.53 |
| Rodriguez, Tomas | $2,970.23 | $776.00 | $3,746.23 |
| Salgado, Jose | $287.09 | $121.73 | $408.82 |
| Sanfilippo, Joseph | $195.28 | $82.80 | $278.08 |
| Scaringelli, Thomas | $323.22 | $137.05 | $460.27 |
| Schmansky, Gary | $2,535.33 | $1,075.03 | $3,610.36 |
| Sipko, Edward | $1,870.48 | $793.12 | $2,663.60 |
| Solomon, Bart | $674.41 | $285.96 | $960.37 |
| Strum, David | $1,519.02 | $644.09 | $2,163.11 |
| Sweeney, Chris | $630.13 | $267.19 | $897.32 |
| Taylor, Darin | $1,327.82 | $563.02 | $1,890.84 |
| Thomas, Stephen | $3,065.52 | $816.41 | $3,881.93 |
| Thomason, Arthur | $237.17 | $100.56 | $337.73 |
| Velasquez, Louis | $93.94 | $39.83 | $133.77 |
| Viola, Joseph | $62.96 | $26.70 | $89.66 |
| Wang, Peter | $15.08 | $6.39 | $21.47 |
| Whalen, Michael | $4,605.80 | $986.09 | $5,591.89 |
| York, Hugh | $2,662.03 | $645.32 | $3,307.35 |

EXHIBIT B

United States District Court for the
Southern District Of New York

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
AND FINAL SETTLEMENT HEARING**

*Grenawalt, et al. v. AT&T Mobility, LLC et. al.*

**United States District Court, Southern District of New York
Case No. 11-cv-2664 (ALC)**

# If you worked for Alpha-Omega Protection Services Corp. providing security at AT&T retail stores, you could get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The $385,000 settlement will provide payment to security guards employed by Defendant Alpha-Omega Protection Services Corp. ("Alpha-Omega") to provide security to AT&T retail stores in the New York City area and who were not paid overtime pay by Alpha-Omega and who were not paid by Alpha-Omega for their wages for work done in January and February of 2011.  This group of people is called the "Class."

- This is a class action settlement, meaning that, for settlement purposes only and upon approval of the settlement, the Court will declare the case a class action with respect to the security guards' claims for unpaid wages and overtime wages.  If the settlement is finally approved, settlement payments will be made to the class members and class counsel, and the case as to AT&T Mobility, LLC  ("AT&T") will be dismissed.

- The lawyers for the security guards will ask the Court for up to $160,000 in legal fees, plus approximately $10,000 in case expenses, to be paid out of the $385,000 award.

- Class members who do not exclude themselves from this settlement will receive a share of the settlement funds based on how much wages and overtime wages they are owed.  Class members who do not exclude themselves from this settlement, who were owed overtime pay within the three years prior to the filing of this lawsuit, and who also sign a release waiving their claims under the Fair Labor Standards Act (FLSA), will receive an additional payment.

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Receive a payment. Be bound by the Class Judgment. |
| **SIGN AND RETURN THE RELEASE, IF ELIGIBLE** | Receive a payment, plus an additional payment in return for signing the release. Be bound by the Class Judgment. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **OPT-OUT** | Exclude yourself from the settlement. You will receive nothing from the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

# BASIC INFORMATION

## 1. Why did you get this notice?

You have been identified someone who was employed by Alpha-Omega Protection Services Corp. and who worked at one or more AT&T retail stores as a security guard.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections are heard, an administrator appointed by the Court will make the payments that the settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *John Grenawalt, Carlos Miranda, and Julio Alisea v. AT&T Mobility. LLC, Alpha-Omega Protection Services Corp., Grace M. DePompo, Gladius, Inc., and Centuria, Inc.* The people who sued are called Plaintiffs, and one of the companies they sued that is making this settlement, AT&T Mobility LLC, is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that Alpha-Omega and its owner, Grace DePompo, failed to pay its employees overtime pay when they worked more than 40 hours per week, and failed to pay any wages at all for an approximate four week period in January and February of 2011, shortly before Alpha-Omega went out of business. Although AT&T paid Alpha-Omega for the security guards' services, the lawsuit also claims that AT&T was responsible for ensuring that Alpha-Omega paid the guards. The lawsuit claims that AT&T was the guards' joint employer with Alpha-Omega. The lawsuit claims Alpha-Omega's failure to pay overtime and regular wages violated the federal Fair Labor Standards Act and the New York Labor Law. AT&T denies that it did anything wrong and specifically denies that it was the employer or joint employer of the Plaintiffs or the putative class.

**3.   Why is this a class action?**

The settlement agreement in this case asks the Court to approve the case as a class action.  The Court is asked to find that the named plaintiffs are representatives who may sue on behalf of all Class Members who have similar claims.  This allows the court to resolve the issues for all Class Members at the same time, except for those who have excluded themselves from the Class.

**4.   Why is there a settlement?**

This case has been in court since 2011, and has a long and complicated history.  In relevant part, in 2013, the District Court held that AT&T was not the Class Member's joint employer, and therefore was not responsible for any unpaid wages or overtime wages.  Plaintiffs appealed that decision, and on March 14, 2016, the Second Circuit Court of Appeals reversed that decision, and held that, based on the evidence presented, the issue of whether AT&T was the Class Members' joint employer could only be decided by a jury.  After that decision, the parties discussed settlement and entered into mediation in an attempt to settle their differences.  The mediation was successful, and Plaintiffs and AT&T agreed to a settlement without any admission of liability by AT&T.  That way, the cost and risks of a trial are avoided, and the workers affected will have the opportunity for compensation (subject to the Court's preliminary and final approval of the Settlement).  The Class Representatives and their attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

**5.   How do you know if you are a class member?**

In the settlement agreement, the "Class" is defined as all employees of Alpha Omega Protection Services Corp. who provided security services at any AT&T retail store and are owed unpaid wages, unpaid overtime wages, or both, and have been specifically identified in the Declaration of Christine Clarke, previously submitted to the Court in support of Plaintiffs' Motion for Class Certification and Summary Judgment (Docket # 202) (the "Clarke Declaration").  You are receiving this notice because you were identified as such an employee of Alpha Omega Protection Services Corp.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.   How much will your payment be?**

Settlement Shares fall into two payment types: (1) unpaid wages, and unpaid overtime wages pursuant to the New York Labor Law; and (2) unpaid overtime wages pursuant to the Fair Labor Standards Act, for those Class Members who had those claims and who sign a release.  (Class Members who did not work more than 40 hours in a week in the three year period prior to this lawsuit being filed on April 19, 2011, do not have FLSA claims and are ineligible for a share of the FLSA portion of the settlement).

Your estimated share of the $385,000 settlement fund, after the payment of attorneys' fees and case expenses, settlement administration costs (capped at $15,000), payments to the three Class Representative Plaintiffs ($15,000 in total), is shown on the attachment to this notice.  It is "estimated" because the final computation has not been conducted.  Additionally, the amount you are being offered to sign and return a release of your FLSA claims is shown on the attachment to this notice.

### 7. What does it mean if I participate?

If you choose to participate in this Settlement or if you do nothing, you will automatically receive your Settlement Share of the class action settlement of New York Labor Law claims. It also means that you will be bound by the Class Judgment in this action, which will release all claims that were raised or could have been raised on the facts alleged by Plaintiffs' First Amended Complaint. The exact language of the Class Release can be found in the Settlement Agreement.

If you are eligible for a share of the $45,000 FLSA Settlement Fund, and sign and return the FLSA Claim Form and Release within the required timeframe, you will receive the additional payment specified. If you are eligible for a share of the FLSA Settlement Fund, a copy of the FLSA Claim Form and Release is enclosed with this notice.

# HOW YOU GET A PAYMENT

### 8. How can you get a payment?

If you do nothing, you will receive a payment if the Court approves the settlement. If you are eligible for a share of the FLSA Settlement Fund and sign and return the FLSA Claim Form and Release within the required timeframe, you will receive the additional payment specified if the Court approves the settlement.

### 9. When would you get your payment?

The Court will hold a hearing on_____, 2017 to decide whether to approve the settlement. If Judge Carter approves the settlement, there may be appeals by objectors after that, if there are any objectors. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 10. What if I have questions about the settlement or my share?

If you have additional questions about the settlement or about your estimated Settlement Share, you may submit an inquiry to the Settlement Administrator or Class Counsel. See below for their contact information.

# THE LAWYERS REPRESENTING YOU

### 11. Do you have a lawyer in this case?

Plaintiffs have asked the Court to authorize Jason Rozger and John Beranbaum of the law firm of Beranbaum Menken LLP in New York, NY to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $160,000 to them for attorneys' fees, and payments of $5,000 to each of the three Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Funds from the settlement fund will also pay for the expenses of the case, estimated to be approximately $10,000, and the costs of administering the settlement, estimated to be approximately $15,000.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**13. How do you tell the Court that you don't like the settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, giving reasons why you think the Court should not approve the settlement. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Grenawalt v. AT&T Mobility LLC,* , Case Number 11-CV-2664 (ALC), (b) include your name, address and telephone number, and (c) be mailed to the Settlement Administrator at _____, postmarked by _____, 2017.

## REQUESTING EXCLUSION FROM THE SETTLEMENT

**14. How do you exclude yourself from the settlement?**

If you want to be excluded from the Settlement (also referred to as "opt-out"), you must mail a letter to the Settlement Administrator to request to "opt out." Your "opt-out" request letter can be as simple as "*I do not want to be a part of the settlement in Grenawalt v. AT&T Mobility LLC*, Case Number 11-CV-2664 (ALC), " To be considered complete and timely, your "opt-out" request letter <u>must include</u> your full name, address, last four digits of your Social Security number (for identity verification purposes only), signature, and be mailed by First Class U.S. Mail to the Settlement Administrator, postmarked on or before [**DATE**]. If you file a timely and valid "opt-out" request, you will no longer be a member of the Class, and you will **not receive** any money from the Settlement, or be able to object to the Settlement. However, if you do timely "opt out," you will not be bound by the terms of the Settlement and may pursue any claims you may have against the Defendant, at your own expense.

**15. What is the difference between objecting and excluding myself from the settlement?**

Objecting means telling the Court what you don't like about the settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

**16. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing _____, 2017 at ___ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York in Courtroom 1306, 13th Floor. The Judge assigned to the case is Andrew L. Carter, Jr. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there

are objections, the Court will consider them.  Judge Carter will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.  The Final Approval hearing may be continued without further notice.  Any updates to the Final Approval hearing date will be available at: www._____.com and the Court's PACER site.

## 17. Do you have to come to the hearing?

No.  Class Counsel will answer questions Judge Carter may have.  But, you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you filed your written objection on time with the Court, as listed above in question 12, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 18. May you speak at the hearing?

You may appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.

# IF YOU DO NOTHING

## 19. What happens if you do nothing at all?

If you do nothing, you will receive a payment if the Court approves the settlement.  However, if you do nothing, you will not receive an additional payment from the FLSA Settlement Fund.

# INFORMATION CORRECTION

## 20. What if my Notice form contains incorrect address information for me?

Included with this Notice is an Estimated Share Form that contains the most current address information for you.  If the information on the form is incorrect, please correct it and mail it to the settlement administrator:  Settlement Services, Inc., P.O. Box 1567, Tallahassee, FL 32302-1567

# GETTING MORE INFORMATION

## 21. Are there more details about the settlement?

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at [insert website], by contacting class counsel (see below), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.  You can reach the Settlement Administrator at:

Settlement Services, Inc.

P.O. Box 1567

Tallahassee, FL  32302-1567
855-820-4140 (toll free)

You can also reach Class Counsel at:


Jason Rozger
John Beranbaum
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY  10005
Tel:  (212) 509-1616
Fax:  (212) 509-8088
jrozger@nyemployeelaw.com
jberanbaum@nyemployeelaw.com


**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT
TO INQUIRE ABOUT THIS SETTLEMENT OR THE OPT-OUT PROCESS.**

Date: _____, 2017

EXHIBIT C

# Estimated Share Form

### *GRENAWALT et al. v. AT&T Mobility, et. al.,*
**United States District Court, Southern District of New York**
**Case No. 11-cv-2664 (ALC)**

### YOUR ESTIMATED SETTLEMENT PAYMENT IS: $_____.

### You do not need to do anything to receive this payment.

This estimate is based on payroll records maintained by ADP and Alpha-Omega Protection Corp.

In addition, if you sign the attached FLSA Claim Form and Release, you will receive an additional payment of $_____ if the Court approves the settlement.

CLASS MEMBER IDENTIFICATION

Below is the information on file for you.  If it is not correct, please correct this form and mail it *promptly* to the Settlement Administrator:  Settlement Services, Inc., P.O. Box 1567 Tallahassee, FL  32302-1567.

### CORRECTION

Name:  [Bob Smith]                                        _____

Address:  [192 Pine Street, New York, NY 10005]   _____

Social Security # (last four digits): [XXXX]          _____

EXHIBIT D

# FLSA Claim Form and Release

### *Grenawalt, et al. v. AT&T Mobility, LLC et. al.*
**United States District Court, Southern District of New York**
**Case No. 11-cv-2664 (ALC)**

In order to receive the payment specified for you from the FLSA Settlement Fund in the above-referenced legal action (the "Action"), you must agree to release your claims under the Fair Labor Standards Act, as more fully described herein.  The deadline for returning this FLSA Claim Form and Release is [**DATE**] – if you do not sign, date and mail this FLSA Claim Form and Release to the Settlement Administrator such that it postmarked by that date, you will not be eligible to receive any payment from the FLSA Settlement Fund.

1. By signing and returning this form, you consent in writing to become a party plaintiff in the Action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), and authorize Beranbaum Menken LLP as Class Counsel to act on your behalf in all matters relating to the Action, including the settlement of your claims.

2. You understand your share of the FLSA Settlement Fund is $_____, as set forth on the Estimated Share Form accompanying this FLSA Claim Form and Release.  This amount is in addition to any Settlement Share that you may receive as part of the class action settlement of New York Labor Law claims.

3. By signing below, you release AT&T Mobility, LLC and all of its former, present or future parents, subsidiaries, affiliates, partners, officers, directors, employees, agents, fiduciaries, owners, shareholders, insurers, assigns, administrators, subrogees, privies, attorneys and the predecessors and successors, assigns, and legal representatives of all such entities and individuals ("Released Parties") from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, related in any way to unpaid wages or overtime premium pay, and, arising during the period from the beginning of time to the date on which the Court grants Final Approval of the settlement, including, but not limited to, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon an alleged failure to pay wages, including overtime premium pay and the minimum wage, to fullest extent permitted by law, as well as any and all claims under the FLSA that were alleged in the Action and any and all claims, rights, demands, liabilities, and causes of action of any kind that could have been alleged under the FLSA in the Action based on the facts alleged in the complaints filed in the Action.

4. By signing below, you further:

   (A) Agree to be bound to the terms set forth in the Joint Stipulation and Agreement Regarding Class Action Settlement that has been filed in the Action (the "Settlement Agreement");

EXHIBIT D

(B) Agree that Defendant AT&T Mobility, LLC shall have no liability to you regarding any taxation of the payment of your share of the FLSA Settlement Fund;

(C) Represent and warrant that you have not filed, or taken any action, directly or indirectly, to commence, prosecute, pursue or participate, individually or on a class or collective action basis, any action, claim or proceeding against the Released Parties asserting any of the claim released by this FLSA Claim Form and Release, or which would, in any way, prevent any such claims from being extinguished;

(D) Represent and warrant that you are over the age of 18 and have the legal capacity to enter into this FLSA Claim Form and Release;

(E) Represent and warrant that you have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim (or any portion thereof or interest therein) that is being released by this FLSA Claim Form and Release;

(F) Acknowledge that, according to the terms of the Settlement Agreement, Defendant AT&T Mobility, LLC may revoke or nullify the Settlement Agreement if an insufficient number of Class Members agree to the settlement, as more fully set forth in the Settlement Agreement, and that, if Defendant AT&T Mobility, LLC does elect such revocation or nullification, your agreement to this FLSA Claim Form and Release shall be void and of no further force or effect; and

(G) Acknowledge that you have had a full and fair opportunity to review and consider this FLSA Claim Form and Release, that you have had the opportunity to consult with Class Counsel if you chose to do so, and that you are entering into this FLSA Claim Form and Release knowingly and voluntarily.


Signature: _____

Print Name: _____

Address: _____

_____

Social Security # (last four digits): _____