USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/5/2017__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN GRENAWALT, *et. al.*,    11 Civ 2664 (ALC)

              Plaintiffs,

- against -    **ORDER**

AT&T MOBILITY LLC, *et. al.*,

              Defendants.
-----------------------------------------------------------X

### ORDER GRANTING FINAL APPROVAL
### OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT

**THIS CASE** coming on for hearing before the Honorable Andrew L. Carter, Jr. U.S.D.J., on December 4, 2017, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to address Class Counsel's applications for an award of attorneys' fees and costs and for service awards to the Class Representatives; and the settlement Class members being represented by Class Counsel and Defendants being represented by the attorneys;

**AND THE COURT,** having read and considered all the proceedings heretofore had in this ligation and the parties' Settlement Agreement and the Plaintiffs' Memorandum in Support of Motion For Final Approval Of Class And Collective Action Settlement, For Award Of Attorneys' Fees And Expenses, For Approval Of Service Payments To The Class Representatives And For Payment Of The Claims Administrator's Costs And Expenses and the declarations submitted in support of the motion, the oral arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and good cause appearing, now makes

1

the following:

## FINDINGS OF FACT

This litigation was commenced on April 20, 2011, by Plaintiffs John Grenawalt, Carlos Miranda, and Julio Alicea, a collective and class action complaint asserting that Plaintiffs were denied minimum wage overtime pay under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA") and asserting violations of the New York Labor Law ("NYLL").

Subsequently, following substantial discovery, motion practice, and an appeal, the parties reached a mediated class action settlement of the Plaintiffs' claims against Defendant AT&T Mobility LLC. The resulting Settlement Agreement was preliminarily approved by the Court on August 17, 2017.

As part of the Order Preliminarily Approving Settlement, this Court conditionally certified the following Settlement Class:

> All persons who, at any time from April 19, 2005 until July 24, 2017, provided security services on behalf of Alpha-Omega Protection Services Corp., whether as an employee or independent contractor of Alpha-Omega, at any AT&T retail store located in the State of New York, who were either not paid overtime premium pay in connection with such services, not paid all of the wages due to them, or both, and who have been specifically identified in the Declaration of Christine Clarke, previously submitted to the Court in support of Plaintiffs' Motion for Class Certification and Summary Judgment (Docket #202). Exhibit A to the Settlement Agreement includes a list of class members.

Also as part of the Order preliminarily approving the Settlement, the Court approved the sending of direct mail notice that provided Settlement Class members notice of the proposed settlement. The notice provided an opportunity for the Settlement Class members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

The parties have filed with the Court a declaration from the Claims Administrator, Settlement Services Incorporated ("SSI"), declaring that the mailing of the Court-approved notice has been completed.

The Court finds that notice was provided to the Class's members in accordance with the Settlement Agreement and the Court's preliminary approval order. The Court finds and determines that the direct mail notice provided in this case was the best notice practicable. The Court further holds that the notice was accurate, objective, informative, and provided members of the Settlement Class with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. No individuals excluded themselves from the Settlement.

All the members of the Settlement Class are bound by the Settlement, Settlement Agreement, the releases contained within the Settlement Agreement, and the Final Order and Judgment. Settlement Class members do not have a further opportunity to opt-out of this Action.

Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel and the proposed awards to the Class Representative, were provided an opportunity to do so pursuant to the notice. As of the deadline for the filing of objections, no objections were filed. Given the size of this Settlement, and the notice procedure utilized, this Court finds the lack of any objections to be indicative of the fairness, reasonableness and adequacy of the Settlement, and,

accordingly, all members of the Settlement Class, are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendants in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b). There are a number of factors which the Court has considered in affirming this Settlement, including:

      a.     The liability issues in this case have been contested.

      b.     This Settlement has the benefit of providing relief to the members of the Settlement Class now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation. This Settlement provides the members of the Settlement Class with a substantial monetary benefit.

      c.     This Settlement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendants.

Class Counsel provided notice to the Settlement Class's members of their proposed application for reasonable attorneys' fees and expenses consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered Class Counsel's fee request and hereby grants the request.

Class Counsel provided notice to the Settlement Class's members of the proposed application for service payments to the Class Representative consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving Settlement. This Court has considered this application and hereby grants that application.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

This Court has jurisdiction over the parties and the subject matter of this proceeding.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and § 216(b) of the FLSA, the following Settlement Class is certified for purposes of final settlement:

> All persons who, at any time from April 19, 2005 until July 24, 2017, provided security services on behalf of Alpha-Omega Protection Services Corp., whether as an employee or independent contractor of Alpha-Omega, at any AT&T retail store located in the State of New York, who were either not paid overtime premium pay in connection with such services, not paid all of the wages due to them, or both, and who have been specifically identified in the Declaration of Christine Clarke, previously submitted to the Court in support of Plaintiffs' Motion for Class Certification and Summary Judgment (Docket #202), with the additional class member Ismael Perez added to the list of class members.

The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Settlement Class's members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Class's members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class's members. The Class Representatives' claims are typical of those of the Settlement Class. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

The Court finds that final approval of the service payments of $5,000.00 each to

Plaintiffs John Grenawalt, Julio Alisea, and Carlos Miranda are warranted. The Court finds that this amount is a reasonable and equitable incentive payment.

Class Counsel are qualified, experienced, and have successfully litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. The Court finds that final approval of attorneys' fees and expenses in the amount of $158,286.69 is warranted. The Court finds that this amount is justified by the work performed, risks taken, and results achieved by Class Counsel. The Court further that the costs and expenses of Class Counsel in the amount of $9,478.56 are warranted in this matter.

The Court finds that the request for payment of the incurred and anticipated costs of the Claims Administrator, SSI, of $11,800 are reasonable and are approved.

The Court finds that final approval of the Settlement Agreement as being fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, is warranted and that all of the Settlement Class members who have made valid claims on the Settlement should be entitled to receive their share of the settlement fund pursuant to the terms of the Settlement Agreement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):**

The motion for Final Approval of the proposed Settlement is GRANTED. The Settlement Agreement is hereby approved, and all of the Settlement Agreement's terms, conditions and obligations are incorporated herein by reference, except, in order to correct an error, that Kenneth Englehardt will receive an additional $2,800 than set forth in the

Settlement Agreement, and Ismael Perez will receive $2,625. Class members will otherwise receive the amounts set forth in the Settlement Agreement and in conformity with whether each Class Member filed a claim form to receive a portion of the FLSA portion of the settlement.

The Class Representatives are entitled to and are hereby awarded payments of $5,000 each, above the amounts to which each is otherwise entitled under the Settlement Agreement, such amount to be paid by the Claims Administrator to the Class Representatives upon the Effective Date.

Class Counsel's application for attorneys' fees and expenses is granted in the amount of $158,286.69 for fees and $9,478.56 for expenses, and the Claims Administrator is ordered to pay such amounts to Beranbaum Menken LLP upon the Effective Date.

The costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Claims Administrator in the amount of $11,800, are granted for payment and the Claims Administrator can disburse to itself from the Settlement funds such payments.

Upon the Effective Date, as set forth in the Settlement Agreement, the Claims Administrator shall effectuate distribution of the settlement funds to the eligible Settlement Class members in accordance with the terms of the Settlement Agreement as modified herein for class members Ismael Perez and Kenneth Englehardt.

All members of the Settlement Class shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the Action concerning the Settlement.

Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations

7

or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

This Action and all claims against the Defendant AT&T Mobility, LLC are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Class members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 12/5/2017

_____
Hon. Andrew L. Carter, Jr.
United States District Judge